Curtis DABNEY et al., Petitioners,

v.

The HOME INSURANCE COMPANY,
Respondent.

No. C–1267.

Supreme Court of Texas.

Dec. 8, 1982.

Rehearing Denied Jan. 12, 1983.

Seale, Stover, Coffield & Gatlin, John H. Seale, Jasper, for petitioners.

Benckenstein, Norvell and Bernsen, David Eric Bernsen and G.R. Akin, Beaumont, for respondent.

BARROW, Justice.

This is a suit to recover damages under the uninsured motorist coverage of an automobile liability policy. The Home Insurance Company (Home) issued the policy on a vehicle owned by John Haynes which was being operated with his permission by Michael Ray Fontenot. At the time of the occurrence, Fontenot was racing on a public highway with an automobile operated by Ronald Stubbs, an uninsured motorist. Fontenot's vehicle went out of control, veered off the highway, and crashed into a house.

The trial court rendered judgment on the jury verdict for plaintiffs, Curtis Dabney, John Goosby and John Haynes against Home. The court of appeals concluded there was no evidence to support the jury findings that any of the negligent acts of Ronald Stubbs were a proximate cause of the occurrence in question. It reversed the judgment of the trial court and rendered judgment that petitioners recover nothing of and from Home. Unpublished opinion, Rule 452, Tex.R.Civ.Pro. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

At the time of the one-car accident, the automobile operated by Fontenot was occupied by Goosby, Haynes and Jacqueline Dabney, wife of Curtis Dabney. As a result of the accident, Jacqueline sustained fatal injuries while Goosby and Haynes sustained personal injuries.

The vehicle operated by Fontenot was insured with Home for liability, uninsured motorist coverage and personal insurance protection (PIP). The uninsured motorist provision in Haynes' policy was applicable since Stubbs was uninsured. Home settled with all petitioners for the negligent acts of Fontenot under the policy's liability coverage and also paid petitioners under the PIP coverage. Home, however, declined responsibility for the alleged negligence of Stubbs under the uninsured motorist coverage.

Petitioners filed this suit seeking to recover damages under the uninsured motorist provision of Haynes' policy for the negligence of Stubbs. Home defended the suit on behalf of Stubbs and asserted the accident was caused by the negligent conduct of Fontenot and the passengers in Haynes' vehicle. The jury found that the accident was proximately caused by the negligence of the four occupants of Haynes' vehicle as well as Stubbs in the following percentages:

| | |
|---|---|
| Fontenot | 50% |
| Goosby | 5% |
| Haynes | 5% |
| Dabney | 10% |
| Stubbs | 30% |

█ The trial court rendered judgment on this verdict whereby each of the petitioners recovered their damages as found by the jury. See Tex.Rev.Civ.Stat.Ann. art.

2212a, § 2(e).[1] This judgment was appealed by Stubbs who urged that there was no evidence or insufficient evidence to support the jury findings of proximate cause against Stubbs. Since the jury failed to find Stubbs had swerved his vehicle toward Fontenot's vehicle, the court of appeals concluded there was no evidence to support any of the jury findings that Stubbs' negligence were a proximate cause of the accident. Therefore, it did not consider any of Stubbs' other points of error.

The Uniform Act Regulating Traffic on Highways in this state prohibits one from driving a vehicle or participating in a race on state highways. See Tex.Rev.Civ.Stat. Ann. art. 6701d, § 185. The undisputed evidence established that Stubbs and Fontenot were racing at the time of the accident. Further, the jury found that Stubbs was negligent in racing with or participating in a race with Fontenot and that this negligence was a proximate cause of the occurrence in question. The court of appeals, although recognizing this was negligence per se, concluded that this negligence was not a proximate cause of the occurrence. We disagree.

In *Parrott v. Garcia,* 436 S.W.2d 897 (Tex. 1969), we considered the legal consequences where a person was injured while "participating in a 'drag race' on a public highway." The trial court granted a take-nothing summary judgment against the plaintiff who was participating in the drag race. We affirmed and said in part:

[W]e are of the view that the violation of the statute constituted contributory negligence per se. The Legislature plainly set out prohibited conduct. An object of the statute was to prevent injury growing out of racing on the highways. This injury grew directly out of the prohibited conduct. It was of the class of conduct or hazard which the legislation was designed to guard against....

. . . .

We also agree with the Court of Civil Appeals that the acts of the plaintiff which constituted negligence as a matter of law were a proximate cause as a matter of law. The foreseeable risks of holding a drag race upon a highway in violation of the statutes of this state include the risk that someone in the zone of danger of the race would be injured.... *Id.* at 900.

This holding controls here. Although the jury found common law negligence and proximate cause against Stubbs, the jury finding that Stubbs was racing on a public highway established negligence per se. Under the holding in *Parrott v. Garcia, supra,* such negligence was a proximate cause of the occurrence as a matter of law. *See also Mackey v. State,* 400 S.W.2d 764 (Tex.Cr. App.1966); *Teel v. Potter,* 523 S.W.2d 320 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r. e.); *Rogers v. Murrell,* 467 S.W.2d 642 (Tex. Civ.App.—Amarillo 1971, writ dism'd).

Several points of error not reached by the court of appeals were urged as cross points in support of the take-nothing judgment. Home urges as to all petitioners that the jury findings that each of the passengers knew Fontenot to be driving while intoxicated (DWI) and that each had a fair and reasonable opportunity to leave the vehicle before the accident should bar petitioners' recovery. We fully appreciate the strong public policy against DWI and the public's concern over the many serious accidents and injuries which result from DWI.[2] Nevertheless, this matter must be left to the legislature in that the relief urged by respondent would be contrary to the Com-

---

1. Art. 2212a, § 2(e) states:

   If an alleged joint tort-feasor makes a settlement with a claimant but nevertheless is joined as a party defendant at the time of the submission of the case to the jury (so that the existence and amount of his negligence are submitted to the jury) and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of that joint tort-feasor.

2. Here the jury found that both drivers were DWI and the undisputed evidence establishes that all passengers, including two who were underage, were drinking beer on the occasion in question.

parative Negligence Statute, Tex.Rev.Civ. Stat.Ann., art. 2212a.

■ Home asserts the negligence of Fontenot should be imputed to each of his passengers and the combined negligence of the driver and each passenger should be compared with the negligence of Stubbs. Home urges that since the combined negligence would be greater than Stubbs' percentage of negligence, the passengers should be barred from recovery under article 2212a, § 1. In addition, Home asserts that Fontenot's negligence should be imputed to Haynes because he was the owner of the car which Fontenot was driving at the time of the accident.

The jury found each of the passengers negligent in failing to protest the excessive speed that Fontenot was driving the car. Also, the jury found that Jacqueline Dabney encouraged Fontenot in the manner he operated the vehicle. Therefore, each passenger's negligence was actually considered. These findings against the passengers were probably the basis for the jury's findings that a percentage of the negligence which proximately caused the accident was attributable to each of the passengers. The actual percentage to be attributed to each party was within the discretion of the jury. Since there were no jury findings of joint enterprise, or agency between Fontenot and any of the passengers, there is no legal basis to impute the driver's negligence to any of the passengers. *Cf. Briseno v. Martin,* 561 S.W.2d 794 (Tex.1977); *Wilkinson v. Stevison,* 514 S.W.2d 895 (Tex.1974); *Shoemaker v. Estate of Whistler,* 513 S.W.2d 10 (Tex. 1974); *Robinson v. Ashner,* 364 S.W.2d 223 (Tex.1963).

■ Home further asserts the proper credit was not given for the sums it paid to petitioners in settlement of the liability claims against Fontenot. The sum of $10,000 was paid Dabney, the sum of $7,500 was paid Goosby and the sum of $2,500 was paid Haynes. Since the negligence of these tortfeasors was submitted to the jury, the trial court correctly gave Stubbs and Home a proportional credit based on the percentage of negligence found against each party.

*Cypress Creek Utility Service Company, Inc. v. Muller,* 640 S.W.2d 860 (Tex.1982).

■ Home also urged that it is entitled to reduce the judgment by the sums already paid to petitioners under the PIP provision of Haynes' policy. In *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679 (Tex.1974), we held an insurer was not entitled to set off payments under medical payments coverage against claims made under uninsured motorist coverage. PIP coverage under the standard automobile insurance policy is comparable to medical payments coverage in that both are no-fault and pay for similar expenses. Therefore, the trial court properly refused to reduce the judgment against Home by the amounts previously paid petitioners under the PIP coverage of the automobile insurance policy.

■ Stubbs argues that he is liable for at most 30% of each petitioners' damages. We reject this argument since art. 2212a, § 1 provides in part:

> Contributory negligence shall not bar recovery ... if such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

Subsection 2(c) of this statute provides:

> Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

Stubbs' negligence (30%) is not less than the negligence of any of the petitioners. Therefore, Home is jointly and severally liable for the entire judgment amount.

■ The final question before this Court is how to calculate the proper judgment. The percentage of negligence of the settling tortfeasor, Fontenot, was submitted to the jury. Therefore, a reduction of the judgment amount is governed by

subsection 2(e) of art. 2212a. *Cypress Creek Utility Service Company, Inc. v. Muller, supra.* Subsection 2(e) provides that the settlement amount "is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of that joint tortfeasor." We construe this portion of the statute to mean that the settling tortfeasor's percentage of negligence found by the jury is to be multiplied by the total damages found by the jury. This amount is then deducted from the recovery. This same process is used to deduct the percentage attributable to the plaintiff's own contributory negligence. The non-settling defendant is then liable for the balance. Dorsaneo & Robertson, *Comparative Negligence in Texas,* 10 Tex.Tech.L.Rev. 933, 948 (1979). The trial court did not err in awarding damages against Stubbs for more than 30% of each of petitioners' damages as found by the jury.[3]

The court of appeals erred in sustaining Home's no evidence points and rendering a take-nothing judgment. Therefore, the judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

ROBERTSON, J., not sitting.

---

**3.** No complaint is here urged as to the method by which the trial court calculated the damages awarded each plaintiff.