**Betty JAMES, Appellant,**

v.

**NATIONWIDE PROPERTY & CASUALTY INSURANCE CO., Appellee.**

**No. C14–89–00444–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 1, 1990.

Ron Etzel and Michael N. Shoemaker, Pearland, for appellant.

Adoph Guerra and Iris H. Robinson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a summary judgment which denied part of a claim under "uninsured motorist" coverage. Appellant asserts it was error for the trial court to allow the insurance carrier an offset for a claim paid under another coverage provided by the same policy. We affirm.

The record contains "Agreed Stipulations of Fact" which adequately describe the situation:

1. On July 14, 1986, Plaintiff Betty James was a passenger in a motor vehicle being driven by Rosemary Tarter.

2. On said date Rosemary Tarter's motor vehicle was struck by a motor vehicle being operated by an uninsured motorist.

3. The uninsured motorist committed acts and omissions that were negligent and a proximate cause of the damages sustained by Plaintiff, Betty James.

4. Both Rosemary Tarter and her passenger Betty James were covered by an insurance policy issued to Rosemary Tarter by the Defendant, Nationwide Property & Casualty Insurance Company, on the date of the accident made the basis of this lawsuit and is on file herein as Exhibit "A" to Defendant Nationwide's Motion for Summary Judgment and incorporated by reference as if fully set forth herein.

5. Plaintiff Betty James made a claim against the above auto policy's P.I.P. ["personal injury protection"] provision for reimbursement of medical expenses in the sum of $840.00 but did not make a claim for loss of income from employment or reasonable expenses incurred by obtaining services thereunder.

6. The amount of economic damages claimed by Plaintiff Betty James was less than the policy limit for P.I.P. coverage under the policy.

7. Defendant Nationwide Property & Casualty Insurance Company paid to Plaintiff Betty James $840.00 under the P.I.P. insurance coverage.

8. Plaintiff Betty James sustained total damages as a proximate cause of the acts and omissions of the uninsured motorist in the amount of $4,000.00 (including those damages paid under P.I.P. in the amount of $840.00).

9. Plaintiff Betty James thereafter made a claim against the above auto policy's uninsured motorist provision for $4,000.00.

10. Defendant Nationwide Property & Casualty Insurance Company has refused to pay to Plaintiff, Betty James, the sum of $4,000.00 because of its claim of entitlement to an offset for the $840.00 previously

paid to Plaintiff Betty James under the P.I.P. provision of the auto policy herein.

The final summary judgment entered by the court below includes the following:

ORDERED, ADJUDGED and DECREED that Defendant Nationwide Property & Casualty Company [sic] is entitled to offset the sum of Eight Hundred Forty Dollars ($840.00) which it previously paid to Plaintiff Betty James for her economic damages under the personal injury protection [P.I.P.] coverage of the insurance policy herein from her claim for Four Thousand Dollars ($4,000.00) under the uninsured motorist provision of said policy; and it is further ORDERED, ADJUDGED and DECREED that Plaintiff Betty James have and recover of and from Defendant Nationwide Property & Casualty Insurance Company, the sum of Three Thousand One Hundred Sixty ($3,160.00) and costs of court, for all of which let execution issue if not timely paid.

Appellant's motion for summary judgment offers the text and legislative history of Article 5.06–3(h) of the Texas Insurance Code which is undisputed. Article 5.06–3 makes mandatory the offering of personal injury protection [P.I.P.] coverage in Texas personal automobile policies. Article 5.06–3(h) allows the insurance carrier an offset on any other liability claims payable to a guest of passenger riding in the insured's vehicle. The policy under which appellant claims payment has provisions which would allow appellant to make offsets for any duplicate benefits claimed.

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. Unlike an appeal following a trial on the merits, when reviewing the grant of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. Instead, this court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690

S.W.2d 546, 549 (Tex.1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. Unless the movant proved beyond question it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d at 548:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management* 690 S.W.2d at 548–549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex. 1975).

Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965).

The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979).

Appellant argues that uninsured motorist coverage is intended to put the plaintiff in the same position he or she would have been had the same motorist been insured; that the collateral source rule would not

accrue benefit to the wrong doer motorist; and that the insurance policy under which payments are claimed by appellant provides two distinct insurance coverages which are paid for in separate premiums.

Appellee asserts the insurance contract should be construed under the same principles as any other contract, and that the terms of the insurance contract are clear. Part C of the insurance policy is related to uninsured motorists and reads in part as follows:

> In order to avoid insurance benefits payments in excess of actual damages sustained, subject only to the limits set out in the Declarations and other applicable provisions of this coverage, we will pay all covered damages not paid or payable under any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or Personal Injury Protection Coverage.

> Any payment under this coverage to or for a covered person will reduce any amount that person is entitled to recover for the same damages under the Liability Coverage of this policy.

We note that the Insurance Code provisions for personal injury protection allow the insurance carrier to take an offset against liability insurance claims, including claims for uninsured motorist liability, paid under personal injury protection claims. TEX.INS.CODE ANN. art. 5.06–3(h).

There is case law to support a proposition that any offset so made may not result in less uninsured motorist protection than the statutory minimum. *See Dabney v. Home Insurance Co.*, 643 S.W.2d 386 (Tex. 1982). Those facts are not presented in this case, however.

We find as a matter of law that appellee was entitled by contract and authorized by statute to make an offset for personal injury protection payments to appellant against amounts claimed by appellant for uninsured motorists coverage. There being no genuine issues of material fact in dispute, appellant's point of error is overruled and

the summary judgment of the trial court is affirmed.