**Tammy KIM, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 05–96–00985–CV.

Court of Appeals of Texas, Dallas.

· March 30, 1998

John C. Sherwood, Corn, Sherwood & Associates, Dallas, for Appellant.

Lori R. Thomas, Melinda R. Burke, Shannon Gracey Ratliff & Miller, Fort Worth, for Appellee.

Before LAGARDE, WHITTINGTON and ROACH, JJ.

## OPINION

WHITTINGTON, Justice.

Tammy Kim appeals a summary judgment granted in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). In a single point of error, Kim claims the trial judge erred in granting summary judgment that State Farm was entitled to offset payments due her under an uninsured/underinsured motorist ("UM") insurance clause with payments previously made to her under a personal injury protection ("PIP") insurance clause. We affirm the trial court's judgment.

### BACKGROUND

On November 14, 1994, Kim was injured when a car driven by Jose Hernandez ran a red light and struck Kim's car. Although Hernandez was not insured at the time of the collision, Kim was a covered beneficiary of a State Farm automobile policy issued to her parents. The policy provided for PIP coverage of $2500 per person and UM coverage of $20,000 per person.

After being notified of the accident and Kim's injuries, State Farm paid Kim $2500 in PIP benefits and $7500 in UM benefits. Believing she was entitled to $10,000 in UM benefits, in addition to the $2500 in PIP, Kim filed a declaratory judgment action, asking the court to declare that State Farm had (1) breached its contract with Kim, and (2) committed certain violations of the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Insurance Code. State Farm and Kim stipulated that Kim's total damages for bodily injury were $10,000. Kim then filed a motion for partial summary judgment on her declaratory judgment claim. State Farm responded and filed its own motion for summary judgment. After a hearing on the motions, the trial judge denied Kim's motion and granted State Farm's motion. This appeal followed.

### STANDARD OF REVIEW

In reviewing a summary judgment, this Court applies the following standards:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

(2) In deciding whether a disputed material fact issue exists precluding summary judgment, we take evidence favorable to the non-movant as true.

(3) We indulge every reasonable inference in favor of the non-movant and resolve any doubts in her favor.

*Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant must either (1) disprove at least one element of each of the plaintiff's theories of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *International Union United Auto. Aerospace & Agric. Implement Workers of Am. Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Muckelroy v. Richardson ISD,* 884 S.W.2d 825, 828 (Tex.App.—Dallas 1994, writ denied).

The purpose of the summary judgment rule is not to provide a trial by deposition or affidavit. Rather, the purpose of the rule is to provide a method of summarily ending a case that involves only a question of law or no genuine issue of fact. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The rule is not intended to deprive litigants of their right to a full hearing on the merits of any real fact issue. *See Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

OFFSET OF INSURANCE PAYMENTS

In her sole point of error, Kim claims the trial judge erred in granting summary judgment in favor of State Farm. Under this point, Kim contends State Farm was not entitled to offset the amount of PIP payments previously paid to her from the amount she would otherwise be entitled to receive for bodily injury under the UM coverage. We disagree.

■■■ Insurance policies are contracts and are controlled by rules of construction applicable to contracts generally. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987). In construing the language used in a particular policy, courts look to the evident intent of the parties. *State Farm Mut. Auto. Ins. Co. v. Pan Am. Ins. Co.,* 437 S.W.2d 542, 544 (Tex.1969); *Aetna Life Ins. Co. v. Adams,* 447 S.W.2d 453, 454 (Tex.Civ. App.—Beaumont 1969, writ ref'd n.r.e.). We construe all parts of the policy together to effectuate this intent. *See American–Amicable Life Ins. Co. v. Lawson,* 419 S.W.2d 823, 826 (Tex.1967). The intent of the parties is derived by looking at the "words used, the subject-matter to which they relate, and the matters naturally or usually incident thereto." *Pan Am.,* 437 S.W.2d at 544; *Adams,* 447 S.W.2d at 454. Where the language is plain and unambiguous, there is no occasion for construction and the language must be given its plain meaning. *Pan Am.,* 437 S.W.2d at 544. Only when the words are subject to different constructions will the courts adopt the interpretation most favorable to the insured. *Pan Am.,* 437 S.W.2d at 544; *Adams,* 447 S.W.2d at 454.

■■ In this case, although Kim contends State Farm had no legal basis for offsetting the PIP payments from the UM coverage, we disagree. The policy issued to Kim's parents provided, under Part C entitled "Uninsured/Underinsured Motorists Coverage," that:

[i]n order *to avoid insurance benefits payments in excess of actual damages sustained,* subject only to the limits set out in the Declarations and other applicable provisions of this coverage, *we will pay all covered damages not paid or payable under* any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage[,] or *Personal Injury Protection Coverage.*

(Emphasis added.) Thus, under the policy, State Farm agreed to pay all covered damages that were not previously paid or otherwise payable from another source, including PIP coverage. We find nothing uncertain or

indefinite about the language contained in the contract. State Farm and Kim stipulated that (1) Kim's total damages for bodily injury were $10,000, and (2) State Farm had previously paid Kim $2500 under her PIP coverage. Thus, under the clear terms of the contract, Kim was entitled to recover only the remaining $7500 under the UM portion of the policy.

In reaching our decision, we necessarily reject Kim's reliance on the supreme court's holding in *Dabney v. Home Insurance Co.*, 643 S.W.2d 386 (Tex.1982). According to Kim, *Dabney* stands for the proposition that an insurer cannot legally offset payments made under PIP coverage against claims made under UM coverage. We cannot agree with Kim's interpretation of the holding in *Dabney.*

In *Dabney*, Jacqueline Dabney, John Goosby, and John Haynes were riding in Haynes's car. The driver of Haynes's car, Michael Fontenot, was racing with another car driven by Ronald Stubbs, an uninsured motorist. Fontenot lost control of the car, which then crashed into a house. Goosby and Haynes were injured, and Dabney was killed as a result of the accident. *Dabney*, 643 S.W.2d at 387. Haynes's car was insured with Home Insurance Company for liability, UM, and PIP coverage. Home settled with Curtis Dabney (Jacqueline's husband), Goosby, and Haynes for the negligent acts of Fontenot under the policy's liability and PIP coverage, but declined responsibility for Stubbs's alleged negligence under the policy's UM coverage. Curtis Dabney, Goosby, and Haynes subsequently sued Home to recover UM damages for Stubbs's negligence. *Dabney*, 643 S.W.2d at 387. After a jury found Stubbs was negligent and such negligence was a proximate cause of the accident, the trial judge rendered judgment in favor of Curtis Dabney, Goosby, and Haynes. *Dabney*, 643 S.W.2d at 387. On appeal, the Beaumont Court of Appeals reversed the trial court's judgment, concluding there was no evidence that Stubbs's negligence was a proximate cause of the accident. *Dabney*, 643 S.W.2d at 388.

On further appeal, the supreme court reversed the court of appeals on the proximate cause issue. *Dabney*, 643 S.W.2d at 388. The court then addressed several points of error not reached by the court of appeals, including whether Home was entitled to reduce the judgment resulting from the jury trial by sums already paid to Curtis Dabney, Goosby, and Haynes in settlement. *Dabney*, 643 S.W.2d at 388–89. The supreme court concluded Home was not entitled to offset the judgment resulting from Stubbs's negligent acts with amounts previously paid under the PIP provisions of the Home policy. *Dabney*, 643 S.W.2d at 389.

We have reviewed the supreme court's opinion in *Dabney*, and after doing so, we do not find the holding in that case dispositive of the issues presented here. Unlike *Dabney*, this case involves a specific contract provision that allows offsets to prevent recoveries in excess of actual damages. *See James v. Nationwide Prop. & Cas. Ins.*, 786 S.W.2d 91, 92 (Tex.App.—Houston [14th Dist.] 1990, no writ). Therefore, we conclude *Dabney* is not applicable. The insurance contract in this case specifically stated that, to avoid paying benefits in excess of actual damages, State Farm would pay covered damages not previously paid or otherwise payable from another source, including PIP coverage. Kim and State Farm stipulated her total damages were $10,000. Because it had already paid $2500 in PIP coverage, State Farm was required by the policy to pay Kim $7500 in UM coverage. Accordingly, we conclude the trial judge did not err in granting summary judgment in favor of State Farm. *See James*, 786 S.W.2d at 92. We overrule Kim's sole point of error.

We affirm the trial court's judgment.