**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Jack BROWN, Appellee.**

**No. 01–98–00045–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1998.

Rehearing Overruled Feb. 25, 1999.

**696**

David H. Brown, Houston, for Appellant.

Joe S. Maida, Houston, for Appellee.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

MARGARET GARNER MIRABAL, Justice.

In this car insurance coverage case, State Farm Mutual Automobile Insurance Company (State Farm) appeals from a summary judgment in favor of the insured, Jack Brown. We must decide whether an insurer is entitled to offset payments owed under an uninsured/underinsured (UM) motorist clause with payments made to the insured under a personal injury protection (PIP) clause pursuant to a policy offset provision. Concluding the offset is permissible, we reverse and render.

### Facts

The parties stipulated to the following facts in the trial court:

1. On April 10, 1996, Plaintiff, Jack Brown, was involved in a motor vehicle accident with Daytra Davis and Barbara Smithwick.

2. The accident on April 10, 1996 was proximately caused by the negligence of Daytra Davis and/or Barbara Smithwick.

3. Jack Brown sustained bodily injuries and property damages proximately caused by the April 10, 1996 motor vehicle accident.

4. On April 10, 1996, Jack Brown was protected against loss caused by bodily injury and property damage, and resulting from ownership, maintenance or use of an uninsured motor vehicle by a policy of insurance effective on March 15, 1996, issued by State Farm under Policy Number 743 7223–C15–53D.[1]

5. Jack Brown timely and properly notified State Farm of the motor vehicle accident, and made a claim for benefits under the personal injury protection ("PIP") and uninsured motorist ("UM") provisions of his policy.[2]

6. Jack Brown's total actual damages for bodily injury from the motor vehicle accident of April 10, 1996 are $7,500. State Farm had previously paid Brown $4,593.85 in bodily injury damages from the motor vehicle accident of April 10, 1996 as PIP benefits pursuant to Brown's policy with State Farm.

7. State Farm has previously paid Brown for property damages suffered as a result

---

1. A copy of the policy was attached as Exhibit A to the stipulation.

2. The limit of liability for PIP benefits was $5,000 per person, and the limit of liability for UM benefits was $100,000 per person for bodily injury.

of the April 10, 1996 accident, less any applicable deductibles, pursuant to Brown's policy with State Farm. Plaintiff does not allege in his summary judgment motion that these property damage payments by State Farm were insufficient under his policy or applicable law.

8. On September 6, 1996, Joseph Licata, counsel for Jack Brown, sent a letter to State Farm regarding settlement of his UM claim. This letter was received by State Farm on or about September 9, 1996.[3]

9. On September 12, 1996, State Farm sent a letter to Joseph Licata that was received by Mr. Licata shortly thereafter.[4]

Brown filed suit against State Farm seeking a declaratory judgment regarding the disputed offset and alleging breach of contract and violations of Texas Insurance Code article 21.21. Brown also sought class certification. State Farm filed a counterclaim seeking a declaratory judgment regarding the offset. Both parties filed motions for summary judgment that included a request for declaratory judgment relief.

After a hearing on October 27, 1997, the trial court concluded that State Farm was not entitled to offset the amount paid to Brown under the PIP provision against the amount payable to Brown under the UM provision of the same policy. The trial court granted Brown's motion for summary judgment, overruled State Farm's motion for summary judgment, and severed the remaining claims and issues so that the judgment became final.

State Farm presents two issues on appeal, asserting the trial court erred in granting Brown's motion for summary judgment, and in denying State Farm's motion for summary judgment. State Farm argues it is entitled to a declaratory judgment, as a matter of law, that:

(1) State Farm is entitled to take an offset for PIP payments already made to Brown against amounts claimed by Brown under the UM coverage provisions of the auto policy at issue;

(2) the offset clause in the policy is valid, binding, and enforceable; and

(3) Brown is not entitled to a double recovery of his actual damages in this case.

### Standard of Review

Summary judgment is proper only when the movant establishes there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Long v. State Farm Fire & Cas. Co.,* 828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). When the facts are not in dispute, such as occurred in this case, the appellate court reviews all legal questions presented. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993).

Further, when both parties move for summary judgment and the trial court grants one motion and denies the other, as occurred here, the losing party may properly challenge the denial of its motion as well as the grant to the prevailing party. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (per curiam); *Phillips Natural Gas Co. v. Cardiff,* 823 S.W.2d 314, 317 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Under these cross-motion circumstances, if we find the law contrary to the trial court, then we may reverse the trial court's judgment and render judgment for the appealing party. *Id.*

---

3. In the letter, Licata accepted State Farm's offer of $7500, but disagreed that an offset on the PIP was appropriate. Licata stated, in relevant part, "We agree with your evaluation of the claim and accept your offer of $7500 which is based on the documentation that we furnished you. However, we are not in agreement that State Farm is entitled to an offset on the PIP previously paid in the amount of $4593.85. We are of the opinion that the [Insurance Code] allows an offset as to the passengers or guests and *not* as to the named insured."

4. In response to Licata's letter, Tom Chen, a claims specialist with State Farm, wrote that State Farm relied on the policy itself to take the PIP offset. Chen also explained that the policy was issued by the State Department of Insurance and that no case law prohibited the offset. Chen also enclosed a draft payable to Licata and Brown for $2,906.15, along with a release.

## The Insurance Policy

When the uninsured motorist's car hit Brown's car, Brown was covered under his Texas Personal Auto Policy that he purchased from State Farm. The policy form was prescribed by the Texas Department of Insurance (TDI) pursuant to the Texas Insurance Code, which requires the TDI to adopt policy forms for motor vehicle insurance. TEX. INS.CODE ANN. art. 5.06(1) & (2) (Vernon Supp.1998). All Texas vehicle insurance policies must provide UM coverage and PIP coverage. TEX. INS.CODE ANN. art. 5.06–1(1) & 5.06–3(a) (Vernon 1981).

The UM section of Brown's policy contains the following offset provision (offset clause), which is at the core of this lawsuit:

> *In order to avoid insurance benefits payments* **in excess of actual damages sustained,** subject only to the limits set out in the Declarations and other applicable provisions of this coverage, we will pay all covered damages *not paid or payable under* any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or *Personal Injury Protection Coverage.*

(all emphasis added).

Insurance contracts are subject to the same rules of construction as other contracts and will generally be enforced as written if susceptible to only one reasonable interpretation. *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). Here the parties do not dispute the meaning of the provision; it is clear and unambiguous. In the event State Farm was required to pay under the UM clause, and in the event the insured's actual damages were less than the policy limits of the combined PIP and UM coverages, State Farm would only pay, under the UM provision, covered damages that were not previously paid or otherwise payable from PIP coverage. This accomplishes the insured being compensated for actual damages, and avoids payments being made in

excess of the actual damages sustained. Thus, under the clear terms Brown's policy, State Farm could properly apply the $4,593.85 offset for payments under the PIP provision, and Brown could recover only an additional $2,906.15 from State Farm under the UM provision to cover Brown's actual personal injury damages of $7,500.

## Validity of Offset Clause

■ Brown asserts that the policy offset clause is invalid, and therefore cannot be enforced. According to Brown, he is entitled to receive a partial double recovery.

We note at the outset that two appellate courts, faced with the identical question, have ruled contrary to Brown's position. *Kim v. State Farm Mut. Auto. Ins. Co.*, 966 S.W.2d 776 (Tex.App.—Dallas 1998, no pet.); *James v. Nationwide Prop. & Cas. Ins. Co.*, 786 S.W.2d 91 (Tex.App.—Houston [14th Dist.] 1990, no writ).[5]

Brown first argues that, even though his actual damages are only $7,500, he is entitled to the full $12,093.85 from State Farm, because $12,093.85 is the amount he would have been able to recover had an *insured* motorist hit him. If Brown had been hit by an insured driver, Texas law would permit him to recover the full $12,093.85—the $4,593.85 PIP payment from State Farm, plus $7,500.00 from the tortfeasor (or the tortfeasor's liability insurance company), because the PIP statute prohibits subrogation. The PIP statute provides in relevant part:

> The benefits required by this Act shall be payable without regard to the fault or non-fault of the named insured or the recipient in causing or contributing to the accident, and without regard to any collateral source of medical, hospital, or wage continuation benefits. *An insurer paying benefits pursuant to this Act shall have* **no right of subrogation** and no claim **against any other person or insurer** to recover any such benefits by reason of the alleged fault

**5.** We acknowledge that the El Paso Court of Appeals recently considered a similar issue in *Mid–Century Ins. Co. v. Kidd*, 974 S.W.2d 848 (Tex.App.—El Paso 1998, pet. filed), but the opinion does not mention an offset clause in the policy, and therefore does not address the validity and enforceability of such a clause.

of such other person in causing or contributing to the accident.

TEX. INS.CODE ANN. art. 5.06–3(c) (Vernon 1981) (all emphasis added). Accordingly, State Farm would be unable to recover reimbursement for the PIP payment from the *other driver or her insurer* under a subrogation claim in this case. Art. 5.06–3(c). Also, the other driver (or her liability insurer) would be unable to recover a credit for the PIP benefits because of the collateral source rule. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 934–36 (Tex.1980) (wrongdoer cannot get credit for insurance independently procured by the injured party).

We agree with State Farm that art. 5.06–3(c) and the collateral source rule do not invalidate the offset clause in the policy. Brown was not hit by an *insured* motorist. No payments are being made to Brown under *another* insurance policy, or from *another* person. The quoted portion of the PIP statute speaks only to State Farm's rights of subrogation as to "any other person or insurer." There is no conflict between the PIP statute and the offset clause in Brown's policy; they deal with completely different fact situations. *Accord James*, 786 S.W.2d at 93–4 (same argument made and rejected).

Brown also argues that he is effectively covered by "two policies" because he pays two separate premiums, one for PIP coverage, and one for UM coverage.[6] Therefore, he reasons, he should receive full coverage under each provision, and the offset clause in the policy should not be given effect.

Brown fails to take into account that his Texas Personal Auto Policy is one policy, prescribed by the Texas Department of Insurance, that requires UM and PIP coverage and allows other coverage. In setting the premium amounts to be charged for each type of coverage under the policy, consideration obviously is given to the complete policy, including offset provisions. Brown submitted no summary judgment evidence indicating his UM premiums were in fact

calculated *without* regard to the offset clause. Brown's position is without merit. *See James*, 786 S.W.2d at 94 (same argument made and rejected); *American Liberty Ins. Co. v. Ranzau*, 481 S.W.2d 793, 797–98 (Tex.1972) (rejecting similar "two premium" argument for failure of proof).

■ Brown next asserts that the statutory construction doctrine of *expressio unius est exclusio alterius*—the inclusion of the limitation excludes all others—prohibits the enforceability of the Offset Clause. Brown argues that the legislature specifically provided for a PIP offset in one set of circumstances (*i.e.*, when a passenger asserts a liability claim against the driver and the driver's insurer pays, an offset can be taken for PIP payments already made to the passenger by the insurer)[7], and therefore, no PIP offset can be taken under any other circumstances.

■ The doctrine of *expressio unius est exclusio alterius* is not a rule of law, but rather an aid to determine legislative intent. *Grothues v. City of Helotes*, 928 S.W.2d 725, 728 n. 4 (Tex.App.—San Antonio 1996, no writ); *Blankenship v. Highlands Ins. Co.*, 594 S.W.2d 147, 150 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). A key to the applicability of the doctrine is that it serves only to exclude other limitations of the same type. *See Peterson v. Calvert*, 473 S.W.2d 314, 317 (Tex.Civ.App.—Austin 1971, writ ref'd). The doctrine clearly does not apply in the present context. Claims of *liability* by a passenger against a driver and his insurer are not the same type of claims as those of a driver or passenger against the driver's insurer for UM coverage.

Brown finally argues that the Texas Supreme Court decided this offset issue in his favor in *Dabney v. Home Ins. Co.*, 643 S.W.2d 386, 389 (Tex.1982). In *Dabney*, passengers of an insured driver were injured when the insured's car ran off the road while racing on a public highway with an uninsured motorist. One of the passengers died. The insurer settled with the passengers and sur-

---

6. Brown paid premiums of $24.00 and $25.00 for PIP coverage and premiums of $70.00 and $69.00 for bodily injury UM coverage on his pickup truck and sports van, respectively.

7. TEX. INS.CODE ANN. § 5.06–3(h) (Vernon 1981).

vivors for the negligent acts of the insured driver under the policy's liability and PIP coverages. Suit was then brought against the insurer to recover damages under the UM provision. The insurer argued that it was entitled to an offset against UM provision liability for the PIP payments previously made to the passengers. · The Court disagreed. *Dabney,* 643 S.W.2d at 389.

Unlike *Dabney,* the present case involves a specific contract provision that allows an offset to prevent recovery in excess of actual damages; therefore, *Dabney* is not dispositive of the issue presented here. *See Kim,* 966 S.W.2d at 779; *James,* 786 S.W.2d at 92.

We sustain State Farm's complaints under the two issues presented.

We reverse the summary judgment for Brown, and we render judgment for State Farm that the offset clause in the subject Texas Personal Auto Policy is valid and enforceable.