**Affirm in part; Reverse in part; and Remand. Opinion Filed June 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00481-CV

**DAVID FUSARO, Appellant**

**V.**

**TRINITY UNIVERSAL INSURANCE COMPANY, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-04057-2012**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

David Fusaro appeals from a summary judgment in favor of Trinity Universal Insurance Company (TUIC). Fusaro contends that: (1) the trial court erred by finding that his contract claims against TUIC were barred by the statute of limitations; (2) the filing of the first amended petition precluded the trial court's entry of summary judgment; (3) his claims asserted against TUIC's insured were covered under TUIC's policy; and (4) TUIC's challenge to the final judgment in the first lawsuit is barred by collateral estoppel.[1] We affirm in part and reverse and remand in part.

---

[1] In his brief, Fusaro also asserts that the trial court erred in imposing sanctions without identifying the sanctionable conduct or statutory authority supporting the sanction award. By letter to the court dated February 27, 2015, however, appellant waived the appeal of this issue. Accordingly, we do not address issue eight in this opinion.

## BACKGROUND

In June 2007, Christopher Becherer's mother drove her Isuzu Rodeo to Becherer's house where she left it with Becherer to replace the brakes. Becherer used a hydraulic jack centered on the front of the vehicle to jack up the vehicle, remove the front wheels, and work on the brakes. Although Becherer had jack stands nearby, he did not use them. Becherer's friend, Fusaro, was at his house and offered to help when Becherer had difficulty removing a brake caliper. While Fusaro was partially under the front passenger wheel well struggling to loosen a caliper bolt, the hydraulic "jack gave way" and the vehicle suddenly fell on top of Fusaro.

Becherer had a Texas Homeowners Policy—Form B with TUIC. In September 2007, Fusaro notified TUIC of a claim against Becherer. On October 4, 2007, TUIC denied the claim on the basis of no coverage. TUIC relied on exclusion 1.f. of the policy to deny coverage which provides:

> 1. Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:
> \* \* \*
> f.    Bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
> 1) Motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;
> \* \* \*
> which are owned or operated by or rented or loaned to an Insured.

In July 2008, Fusaro filed a lawsuit against Becherer for his injuries (the "underlying litigation"). Becherer notified TUIC of the lawsuit. On August 4, 2008, TUIC again denied coverage and declined to defend Becherer in the lawsuit. At a bench trial that lasted approximately one hour, Becherer appeared pro se and stipulated in writing that Fusaro's "injuries were proximately caused by the incident described in plaintiff's petition" and that past and future reasonable medical expenses were $243,000. After testimony and the admission of

stipulated exhibits, the court entered a final judgment dated March 22, 2011 against Becherer in the amount of $1,152,465.75.

On April 25, 2011, Fusaro and Becherer executed an assignment of claims and covenant not to execute. Fusaro agreed to not execute or enforce the judgment against Becherer in exchange for Becherer's assignment to Fusaro of Becherer's claims against TUIC. On October 19, 2012, Fusaro filed a lawsuit against TUIC asserting Becherer's claims for breach of contract and breach of the duty of good faith and fair dealing.[2] On October 9, 2013, Fusaro filed no-evidence and traditional motions for partial summary judgment. On November 8, 2013, TUIC filed a traditional motion for summary judgment alleging, among other things, that the statute of limitations barred Fusaro's claims and the policy excluded coverage for Fusaro's bodily injuries. Fusaro amended his petition on November 18, 2013 to add claims for violations of sections 541.051 and 541.060 of the insurance code for which treble damages and attorney fees were sought pursuant to section 541.152. On February 14, 2014, the trial court granted TUIC's motion for summary judgment and denied Fusaro's no-evidence and traditional motions for partial summary judgment. Fusaro then filed a notice of appeal.

## ANALYSIS

### A.    Standard of Review

We review the trial court's traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2003). The party moving for summary judgment bears the burden of proof. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). Under Texas Rule of Civil Procedure 166a(c), the moving party must show that no genuine issue of material fact

---

[2] The trial court also granted summary judgment on Fusaro's claim that TUIC breached a duty of good faith and fair dealing owed to Becherer. In his appellate brief, however, Fusaro does not challenge this ground of summary judgment and states it became moot by the filing of his amended petition. Accordingly, we affirm the summary judgment granted as to Fusaro's claim for breach of a duty of good faith and fair dealing.

exists and that it is entitled to judgment as a matter of law. *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Further, in reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Id.*

### B. Coverage Exclusion 1.f. (Issue 5)

Fusaro contends that the exclusion claimed by TUIC for denying coverage fails because the injury did not arise from maintenance of a vehicle which was "owned or operated by or rented or loaned to an Insured." As discussed above, the relevant exclusion language is as follows:

> 1. Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:
> * * *
> f. Bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
> 1) Motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;
> * * *
> which are owned or operated by or rented or loaned to an Insured.

TUIC argues, and Fusaro does not contest, that there was a bodily injury arising out of the maintenance of a motor vehicle thereby satisfying the general clause in exclusion 1.f.: "bodily injury . . . arising out of . . . maintenance." Neither party disputes that Becherer's mother's Isuzu Rodeo is a vehicle within the meaning of 1.f.1): "engine propelled vehicles . . . designed for movement on land." However, the parties disagree about the application of the last clause of the exclusion following the enumerated subparts: "which are owned or operated by or rented or loaned to an Insured." TUIC contends that the exclusion applies because Becherer was operating the vehicle when he and Fusaro were changing the brake pads. Fusaro argues that he could not have been operating the vehicle when the injury occurred because he was not driving the vehicle.

In this policy, the words in the last clause are not defined terms. Insurance policies are contracts and are controlled by the rules of construction applicable to contracts generally. *See*

*Kim v. State Farm Mut. Auto. Ins. Co.*, 966 S.W.2d 776, 778 (Tex. App.—Dallas 1998, no pet.). Thus, the terms are to be given their ordinary and generally accepted meaning. *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Further, when construing the language used in a particular policy, the supreme court stated:

> The language used in the policies 'must be construed according to the evident intent of the parties, [t]o be derived from the words used, the subject-matter to which they relate, and the matters naturally or usually incident thereto,' and it is only when 'the words admit of two constructions, that one will be adopted most favorable to the insured.

*See State Farm Mut. Auto. Ins. Co. v. Pan Am. Ins. Co.*, 437 S.W.2d 542, 544 (Tex. 1969); *see also Kim*, 966 S.W.2d at 778.

The verb "owned" means "to have or hold as property." WEBSTER'S THIRD NEW INT'L DICTIONARY 1612 (1993). "Operate" is defined as "to perform a work or labor" and "to exert power or influence" and "to produce an effect." WEBSTER'S 1580. "Rent" means "to grant the possession and enjoyment of for rent." WEBSTER'S 1923. And "loan" is defined as "lend" (WEBSTER'S 1326) which means "to give into another's keeping for temporary use on condition that the borrower return the same or its equivalent." Webster's 1293. It is clear that the import of these terms and this clause is that the vehicle must be the insured's property ("owned") or the insured must have authorized possession ("rented or loaned") or exercise control of the vehicle whether the insured was performing a work or labor on the vehicle or producing an effect with the vehicle ("operated"). *Cf. Republic Ins. Co. v. Haverlah*, 565 S.W.2d 587, 589 (Tex. App.—Austin 1978, no pet.) (plane crashed after pilot exited airplane; insurer's argument that coverage exclusion applied because plane was not being "operated by" pilot at the time of the accident rejected by court which concluded pilot had personal physical management of aircraft, performing customary acts of maintenance and handling, so as to place him in position of operating plane on occasion of the accident). In this insurance policy, this last clause of

exclusion 1.f. is not related to the cause of the injury; causation is the subject of the first clause that the parties conceded was satisfied because the injury was caused by maintenance of a motor vehicle. The significance of the last clause of the exclusion in dispute is its requirement that the insured have some form of dominion and control over the vehicle. The insured was performing customary acts of maintenance and handling on the motor vehicle loaned to him by his mother when the accident occurred which was normal operation of the vehicle. *See id.* Accordingly, we conclude that exclusion 1.f. applies and we resolve issue five against appellant.

### C. Effect of Filing an Amended Petition on the Summary Judgment (Issue 7)

In his amended petition, Fusaro alleged violations of sections 541.051, 541.060 and 541.152 of the Texas Insurance Code. Fusaro argues that because he filed these claims after TUIC's motion for summary judgment, the order granting the motion could not dispose of all of Fusaro's claims. Based on the record before us, we agree that not all of the insurance code claims were disposed of by the trial court.

In paragraph 6.05 of Fusaro's amended petition, he alleges that TUIC violated the insurance code when it provided "false, deceptive, and misleading information to its insured" by claiming that "maintenance on a motor vehicle, under the facts presented herein, would be excluded from coverage." The basis of these alleged insurance code violations is the improper denial of coverage. Although granting summary judgment on a claim not addressed in the summary judgment motion is generally reversible error, the Supreme Court has recognized a limited exception to this rule. *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Essentially, this error is recognized as harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case. *Id.* As discussed above, we decided that exclusion 1.f. applies and coverage is precluded. Thus, there was no improper denial of coverage by TUIC and any allegation of misrepresentation based upon that fact fails as a matter

of law.  As paragraph 6.05 relies upon an improper denial of coverage, the dismissal of these insurance code violations was proper.[3]  Further, any error resulting from the dismissal of Fusaro's claim as alleged in paragraph 6.05 against TUIC is harmless because this claim was precluded as a matter of law.  Accordingly, we conclude that the insurance code violations described in paragraph 6.05 of Fusaro's amended petition were properly disposed of by the trial court.

In section 6.08 of his amended petition, Fusaro added a generic paragraph alleging insurance code violations that reads as follows:

> Additionally, because Defendant TUIC knowingly misrepresented to Christopher Becherer the terms of his policy; made an untrue statement of material fact; failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and, made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, which representations resulted in legal injury to Becherer when the Final Judgment in the Underlying Lawsuit was entered, Plaintiff is entitled to recover treble damages and reasonable attorney fees in accordance with §541.051, §541.060, and §541.152 of the Texas Insurance Code.

Unlike the allegations described in paragraph 6.05, the sweeping allegations of paragraph 6.08 do not necessarily arise from the denial of coverage.  Nor are the claims disposed of by our decision that the policy exclusion applied to Fusaro's bodily injury in this case because such statutory claims can exist in the absence of coverage.  *See Vause v. Liberty Ins. Corp.*, 456

---

[3] We would further note that there is a two-year statute of limitations for violations of the insurance code. *See* TEX. INS. CODE. ANN. § 541.162 (West 2009).  Further, the insurance code violation claims alleged in paragraph 6.05 accrued for limitation purposes once TUIC "improperly" denied coverage. *See Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 289 (Tex. App.—El Paso 2010, no pet.) ("[W]hen insurance benefits are the issue in such causes of action, the statute of limitations begins running on the day the insurance claim is denied.").  As stated above, the denial of coverage occurred, at the latest, on August 4, 2008 and Fusaro did not initiate this litigation against TUIC until 2012.  Accordingly, the insurance code violations described in paragraph 6.05 of Fusaro's amended petition are also barred by the statute of limitations.  This argument was raised in TUIC's motion for summary judgment and its appellee brief even though Fusaro did not clearly plead insurance code violations until his amended petition which was filed with Fusaro's response to the motion for summary judgment. Fusaro also addressed this issue in his response to TUIC's motion for summary judgment.

S.W.3d 222, 230 (Tex. App.—San Antonio 2014, no pet.).[4]  Because Fusaro filed the amended

petition after TUIC filed its motion for summary judgment, there is simply insufficient

information in Fusaro's pleading and TUIC's motion for summary judgment to determine to

what conduct Fusaro's claims stated in paragraph 6.08 refer; that is, whether conduct different

from the claims in paragraph 6.05 of his amended petition is the basis for the claims in paragraph

6.08.  Accordingly, our decision that exclusion 1.f. precludes coverage does not apply, we cannot

determine an accrual date, and consider these arguments to not have been presented to the trial

court.  For these reasons, we conclude the trial court erred when it granted TUIC's motion for

summary judgment as to the claims in paragraph 6.08.

### CONCLUSION

On the record of this case, we conclude exclusion 1.f. of Becherer's Texas Homeowners

Policy—Form B issued by TUIC applies to the bodily injury suffered by Fusaro when Becherer's

mother's vehicle fell on Fusaro while the two men performed maintenance on the vehicle.  We

further determine that Fusaro's assertion of Becherer's claims alleged in paragraph 6.05 of the

amended petition—that TUIC misrepresented the coverage afforded under the policy when it

stated its (correct) reasons for denying coverage—were properly disposed of by the trial court.

Accordingly, we affirm the summary judgment as to those matters.  We reverse the summary

judgment as to the insurance code claims alleged in paragraph 6.08 of Fusaro's amended petition

---

[4] The court in *Vause* observed:

> A section 541.061 claim requires evidence that the insurer denied coverage under circumstances that it previously had represented would be covered. *See* TEX. INS. CODE § 541.051 (creating liability for an insurer that misrepresents the terms, benefits, or advantages of a policy); *see Morris,* 383 S.W.3d at 150 (dispute between Morris and TMIC was extent of Morris's injury, not what the policy said or whether it covered Morris's disc problems if they were related to his previous back strain); *see also Effinger v. Cambridge Integrated Servs. Group,* 478 Fed. Appx. 804, 807 (5th Cir. 2011) ( "Section 541.061 contemplates . . . situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage."). Section 541.051 similarly requires evidence that the insurer misrepresented the terms or benefits of the policy. *See* TEX. INS. CODE § 541.051.

*Vause*, 456 S.W.3d at 230.

because they were not addressed in TUIC's motion for summary judgment and remand those claims for further proceedings.


140481F.P05

/ David Evans/
DAVID EVANS
JUSTICE

# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID FUSARO, Appellant

No. 05-14-00481-CV      V.

TRINITY UNIVERSAL INSURANCE
COMPANY, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-04057-2012.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment as to the insurance code claims alleged in paragraph 6.08 of appellant's amended petition because they were not addressed in appellee's motion for summary judgment. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of June, 2015.