Ralph Fletcher and D'Ann Fletcher v. John R. Edwards, et al.










WITHDRAWN




IN THE
TENTH COURT OF APPEALS
 

No. 10-98-226-CV

     RALPH FLETCHER AND
     D'ANN FLETCHER,
                                                                              Appellants
     v.
 
     JOHN R. EDWARDS, ET AL.,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-97-93
                                                                                                                

O P I N I O N
                                                                                                                

      This is an appeal from the trial court’s order granting summary judgment in favor of the
Appellees, John R. Edwards, Rob Orr, and ERA Orr & Associates (“ERA”). Appellants, Ralph
and D’Ann Fletcher, claim that the trial court erred when it granted summary judgment because: 
(1) there is a genuine issue of material fact as to whether they relied upon Edwards’ alleged
representations; (2) there is a genuine issue of material fact as to whether Edwards either knew
his alleged representations were false or made them recklessly without knowledge of the truth; and
(3) Edwards, Orr, and ERA were not entitled to rely upon an “AS IS” clause as proof that
Edwards’ alleged representations were not the producing cause of their damages. 
      We reverse and remand the trial court’s order.
FACTUAL AND PROCEDURAL BACKGROUND
      On June 4, 1991, Edwards, a real estate agent for ERA, showed the Fletchers a lot that was
listed with ERA. That same day, the Fletchers signed a real estate contract with the owner of the
lot, Donald Wallace, to purchase it for $16,000 cash.
      The parties dispute whether Edwards affirmatively represented to them that water was
available to the lot. The Fletchers maintain that before they purchased the lot, they asked Edwards
whether water was available to the lot. The Fletchers claim that Edwards told them that water
service was available but that it was disconnected because the water bill had not been paid. The
Fletchers further claim that Edwards told them that water service could be re-established if they
paid the Johnson County Rural Water Supply Corporation (“Water Company”) $1,200. However,
Edwards maintains that he never told the Fletchers that water service was available to the lot and
that he told the Fletchers that they needed to check with the Water Company and be certain that
they could obtain a water meter for the lot before they purchased the lot. 
      On June 5, 1991, the Fletchers signed an “Acceptance of Title” agreement with the title
company which contained an “AS IS” clause.


 After their purchase, the Fletchers contacted the
Water Company to have water service restored to their lot. The Water Company told the
Fletchers that water service was unavailable to their lot because the adjacent lot lacked the
necessary easements required for water service. Specifically, the Water Company informed the
Fletchers that the water meter for their lot must be located on the adjacent lot before water service
could begin. The Water Company stated that without an easement on the adjacent lot, they cannot
service the Fletcher’s lot.
      The Fletchers subsequently filed suit against Edwards, Beverly Sanborn, Orr, ERA, Clarence
C. Davis, the Water Company, and Wallace


 claiming: (1) violation of Tex. Bus. & Com. Code
Ann. § 27.01(a) (Vernon 1987) (“statutory fraud”); (2) fraudulent inducement to sign a contract
(“common law fraud”); (3) violation of Tex. Bus. & Com. Code Ann. § 17.46(b)(5) (Vernon
1987)


, the Deceptive Trade Practices Act (“DTPA”); (4) negligent misrepresentation; and (5) a
right to a declaratory judgment that a prescriptive easement exists through the servient estate, i.e.,
the lot adjacent to the Fletchers’, for the benefit of the Water Company for the delivery of water
to the Fletchers’ lot and specific performance from the Water Company.
      On May 19, 1998, Edwards, Orr, and ERA filed a single pleading in which they moved for
both a traditional motion for summary judgment under Rule 166a(c) and a “no-evidence” motion
for summary judgment under Rule 166a(i) claiming that: (1) there is no genuine issue of material
fact or no evidence that the Fletchers relied upon Edwards’ alleged representations when they
purchased the lot; (2) there is no genuine issue of material fact or no evidence that Edwards either
knew that his alleged representations were false or made them recklessly without knowledge of
the truth; and (3) the “AS IS” clause establishes that the Fletchers relied upon their own inspection
and not Edwards’ alleged representations when they purchased the lot. In support of their dual
motion for summary judgment


 Edwards, Orr, and ERA attached excerpts of Edwards’ deposition
testimony in which Edwards claimed that: (1) he did not make any affirmative representations to
the Fletchers that water was available to the lot; (2) he told prospective buyers that it was their job
to check with the Water Company and that he told the Fletchers the same; (3) he did not actually
know whether water was available to the lot; and (4) if he did make any representations to the
Fletchers, it was because he believed that water was available because Wallace, the prior owner,
told him that water was available, the lot previously had a septic tank on it, he saw a water hydrant
on the property, and a mobile home had been on the lot for several years. 
      The Fletchers filed their response and attached an affidavit from D’Ann Fletcher stating that
Edwards told her and her husband on three separate occasions that utilities were available to the
lot and that Edwards did not tell her husband to check with the Water Company before they
purchased the lot.
      The trial court granted summary judgment without specifying the grounds, and the Fletchers
appealed.
STANDARD OF REVIEW
      The summary judgment movant bears the burden to prove that no genuine issue of material
fact exists and that he is entitled to summary judgment as a matter of law. Tex. R. Civ. P.
166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Delta Air
Lines, Inc. v. Norris, 949 S.W.2d 422, 425 (Tex. App.—Waco 1997, writ denied). If the movant
is the defendant, he must conclusively negate at least one of the elements of the non-movant’s
cause of action or conclusively establish every element of his affirmative defense. U.S. Fire Ins.
Co. v. Williams, 955 S.W.2d 267, 268 (Tex. 1997).
      When determining whether a material fact issue exists, we must accept as true all evidence
favorable to the non-movant. Nixon, 690 S.W.2d at 548-49; Delta Air Lines, Inc., 949 S.W.2d
at 425. We must also resolve all doubts and indulge every reasonable inference in favor of the
non-movant. Nixon, 690 S.W.2d at 549; Delta Air Lines, Inc., 949 S.W.2d at 425. The purpose
of a summary judgment proceeding is to determine if there are any questions of fact to be tried,
not to try the cause by weighing the evidence or determining its credibility; or trying the cause by
affidavit or deposition. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); Walls
v. First State Bank of Miami, 900 S.W.2d 117, 123 (Tex. App.—Amarillo 1995, writ denied). 
Summary judgment is not intended to deprive the litigants of their right to a full hearing on the
merits of any real fact issue. Kim v. State Farm Mut. Auto. Ins. Co., 966 S.W.2d 776, 778 (Tex.
App.—Dallas 1998, no pet.).
      When the trial court does not specify the grounds for its granting of a movant’s motion for
summary judgment, as is the case here, we will affirm the judgment if any of the grounds
advanced within the motion are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993); William J. Cornelius and David F. Johnson, Tricks, Traps, and Snares in
Appealing a Summary Judgment in Texas, 50 Baylor L. Rev. 813, 858 (1998).
RELIANCE ON EDWARDS’ ALLEGED REPRESENTATIONS
      The Fletchers’ first issue claims that the trial court improperly granted summary judgment
because there is a genuine issue of material fact as to whether they relied upon Edwards’ alleged
representations. 
      Reliance is an essential element of statutory fraud, common law fraud, and negligent
misrepresentation. Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 1987); Schlumberger Tech.
Corp. v. Swanson, 959 S.W.2d 171, 182 (Tex. 1997) (reliance is a necessary element of common
law fraud and statutory fraud); American Tobacco Co. v. Grinnel, 951 S.W.2d 420, 436 (Tex.
1997) (common law fraud and negligent misrepresentation share the common element of reliance);
Hendricks v. Thornton, 973 S.W.2d 348, 360 (Tex. App.—Beaumont 1998, pet. denied) (reliance
is an element of common law fraud and negligent misrepresentation).
      The extent of Edwards’, Orr’s, and ERA’s summary judgment evidence was Edwards’
deposition excerpts in which he stated that he did not tell the Fletchers that water was available
to the lot and that he always told prospective buyers that it was their responsibility to check with
the Water Company. Generally, an interested witness’ testimony cannot conclusively establish
a matter but it can raise an issue of credibility on which the jury must pass. Uniroyal Goodrich
Tire Co. v. Martinez, 977 S.W.2d 328, 350 (Tex. 1998). However, summary judgment may be
granted on the basis of an interested witness’ testimony if it is clear, positive and direct, otherwise
credible and free from contradictions and inconsistencies, and could have been readily
controverted. Id.; Tex. R. Civ. P. 166a(c). Evidence is readily controvertible when it can be
effectively countered by opposing evidence. Trico Tech. Corp. v. Montiel, 949 S.W.2d 308, 310
(Tex. 1997).
      Mrs. Fletchers’ affidavit, which stated that Edwards was asked on three separate occasions
whether utilities were available to the lot and that each time Edwards replied that they were
available, contradicted Edwards’, Orr’s, and ERA’s summary judgment evidence which claimed
that Edwards did not tell the Fletchers that water was available. Because Edwards’, Orr’s, and
ERA’s summary judgment evidence was controverted, their summary judgment evidence did not
establish as a matter of law that the Fletchers did not rely on Edwards’ alleged representations. 
Therefore, summary judgment as to the Fletchers’ statutory fraud, common law fraud, and
negligent misrepresentation claims was not proper on this ground.
      However, reliance is not an essential element to the Fletchers’ DTPA claim. The DTPA, as
written when the Fletchers’ cause of action accrued, did not require reliance.


 The DTPA was
subsequently amended after the Fletchers’ claim accrued and after they filed their claim. The
DTPA now requires reliance.


 However, because the Fletchers’ claim accrued and suit was filed
before the effective date of the amended DTPA, September 1, 1996, the Fletchers’ DTPA claim
is governed by the law in effect prior to the effective date of the amended DTPA. See Tex. Bus.
& Com. Code Ann. § 17.42 historical note (Vernon 1998) [Act of May 17, 1995, 74th Leg.,
R.S., ch. 415, § 1, 1995 Tex. Gen. Laws 2988, 2988-89]. Therefore, the Fletchers are not
required to prove reliance in order to bring their DTPA claim.
      We sustain the Fletchers’ first issue and hold that summary judgment on the ground of
reliance upon Edwards’ alleged representations was improper.
EDWARDS’ KNOWLEDGE OF THE FALSITY OF HIS ALLEGED
REPRESENTATIONS

      The Fletchers’ second issue claims that summary judgment was improper because there was
a genuine issue of material fact as to whether Edwards made affirmative representations
concerning the availability of water to their lot and whether he knew of the falsity of his
representations or made them recklessly without knowledge of the truth. Edwards, Orr, and ERA
counter that the Fletchers must prove not only that Edwards made the alleged representations but
also that Edwards knew that his statements were false at the time he made them. Edwards, Orr,
and ERA further claim that their summary judgment evidence establishes conclusively that
Edwards did not tell the Fletchers that water was available to the property and that he did not
know whether water was available to the property.
      The speaker’s knowledge that his statements were false or made recklessly without any
knowledge of the truth is an essential element of common law fraud. Johnson & Higgins of Tex.,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Proof that the speaker knew his
statements were false or that he made them without knowledge of the truth may be proved by
direct or circumstantial evidence. Id. at 526; Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432,
435 (Tex. 1986). 
      In Edwards’ deposition excerpts, he states that he did not know whether the lot had a water
meter on it and that he always told prospective buyers to check with the Water Company to make
sure that a water meter is available for the property and that a real estate broker normally does not
participate in guaranteeing a water meter. However, Mrs. Fletchers’ affidavit stated that Edwards
told her and her husband that water was available to the property. Looking at the summary
judgment evidence in the light most favorable to the non-movants and indulging every reasonable
inference in their favor, we must resolve the conflict of evidence in favor of the Fletchers and
accept as true all evidence favorable to them. See Nixon, 690 S.W.2d at 548-49. Therefore, we
hold for purposes of this appeal, that Edwards made the representations to the Fletchers knowing
they were false or made them recklessly without knowledge of their truth.
      However, the DTPA does not require that the Fletchers establish that Edwards knowingly and
intentionally made the representations concerning the availability of water, only that he in fact
made the representations. Ken Petroleum Corp. v. Questor Drilling Corp., 976 S.W.2d 283, 289
(Tex. App.—Corpus Christi 1998, pet. denied) (the seller’s intent to misrepresent or knowledge
that his representation is untrue is not required to maintain a claim under the DTPA); Church &
Dwight Co., Inc. v. Huey, 961 S.W.2d 560, 567 (Tex. App.—San Antonio 1997, pet. denied) (the
DTPA does not require that the seller know of the falsity of his representations in order to be
liable for them).
      We sustain the Fletchers’ second issue and hold that summary judgment on the grounds that
there was no genuine issue of material fact as to whether Edwards either knew his statements were
false or made them recklessly without knowledge of their truth was improper.
THE “AS IS” CLAUSE
      The Fletchers’ third issue claims that summary judgment was improper as to their DTPA
claim because Edwards, Orr, and ERA are not parties to the agreement that contained the “AS IS”
clause and therefore, are not entitled to rely upon the “AS IS” clause. 
      Edwards, Orr, and ERA argue that if they are entitled to rely upon the “AS IS” clause, then
they can use the Fletchers’ agreement to purchase the lot “AS IS” as proof that Edwards’ alleged
representations were not the producing cause of the Fletchers’ actual damages. In other words,
Edwards, Orr, and ERA claim that when the Fletchers agreed to purchase the lot “AS IS,” they
admitted they had made their own inspection of the lot and also agreed that the seller gave no
assurances, express or implied, concerning the condition of the lot. See Prudential Ins. Co. of
Am. v. Jefferson Assoc., Ltd., 896 S.W.2d 156, 161 (Tex. 1995). Effectively, if Edwards, Orr,
and ERA can rely upon the “AS IS” clause, they aver that they can use it as proof that Edwards’
alleged representations were not the producing cause of the Fletchers’ actual damages but instead,
the producing cause was the Fletchers’ own faulty inspection of the lot. 
      However, the Fletchers claim that Edwards, Orr, and ERA are not parties to the “AS IS”
clause and are not entitled to rely upon it. The Fletchers claim that the “AS IS” clause concerned
the title of the lot and that only themselves, the seller, and the title company were parties to the
agreement and that they are the only ones entitled to rely upon it. Further, the Fletchers claim that
Edwards, Orr, and ERA stated in their motion for summary judgment that they were not parties
to the “AS IS” clause and that this was a judicial admission which bars them from arguing to the
contrary. 
      A judicial admission is a formal waiver of proof, conclusive against the party who made the
statement, and bars the admitting party from disputing it. Hennigan v. I.P. Petroleum Co., Inc.,
858 S.W.2d 371, 372 (Tex. 1993); De La Pena v. Elzinga, 980 S.W.2d 920, 922 (Tex.
App.—Corpus Christi 1998, no pet.). A statement contained in a party’s live pleading is a judicial
admission if it is hostile or inconsistent to that party’s claims. Sosa v. Central Power & Light, 909
S.W.2d 893, 895 (Tex. 1995); Brooks v. Ctr. for Healthcare Serv., 981 S.W.2d 279, 283 (Tex.
App.—San Antonio 1998, no pet.). 
      Specifically, Edwards’, Orr’s, and ERA’s motion for summary judgment stated that the
Acceptance Agreement, which contained the “AS IS” clause, “was executed in consideration of
the issuance of a title insurance policy, and defendants are not parties to that document, nor is
that document part of the bargain between the Fletchers and defendants’ principal, the seller of
the property.” This is a deliberate, clear, and unequivocal statement that Edwards, Orr, and ERA
were not parties to the Acceptance Agreement and as such, are not entitled to rely upon the “AS
IS” clause.


 Because Edwards’, Orr’s, and ERA’s statement was contained in a live pleading and
was hostile to their claim, it is conclusive against them and they are barred from disputing it in
this summary judgment proceeding. We sustain the Fletcher’s third issue.
      

                                                             REX D. DAVIS
                                                             Chief Justice

Before Chief Justice Davis
            Justice Vance
            Justice Gray
Reversed and remanded
Opinion delivered and filed September 29, 1999
Do not publish