583 A.2d 1261

Renita JOSEY, Administratrix of the Estate of Johnny Will Josey, Jr., Deceased and Renita Josey, in her own right

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and Michael Murgenovich, an individual and County of Allegheny, a Municipal Corporation.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Renita JOSEY, Administratrix of the Estate of Johnny Will Josey, Jr., Deceased and Renita Josey, in her own right

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and Michael Murgenovich, an individual and Renita Josey.

Appeal of Michael MURGENOVICH.

Robert BENSON and Judy Benson

v.

Michael MURGENOVICH; Johnny Will Josey, Jr., Deceased, and Renita Josey, Administratrix of the Estate of Johnny Will Josey, Jr., and Commonwealth of Pennsylvania, Department of Transportation.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Oct. 24, 1990.

Publication Ordered Dec. 17, 1990.

Frank J. Micale, Sr. Deputy Atty. Gen., with him, Mark E. Garber, Chief, Deputy Atty. Gen., and Ernest D. Preate, Jr., Atty. Gen., Pittsburgh, for appellant, Com. of Pa.

Anthony V. Cortese, Gilbert S. Solomon and Associates, Pittsburgh, for appellant, Michael Murgenovich.

Laura M. Andracchio, with her, Keithley D. Mulvihill, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, for appellee, Renita Josey.

No appearance for appellee Benson.

Before CRAIG, President Judge, PALLADINO, Judge, and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us are consolidated appeals of separate orders of the Court of Common Pleas of Allegheny County which denied the motions of the defendant-appellants, Michael Murgenovich (Murgenovich) and the Pennsylvania Department of Transportation (DOT), to join Renita Josey (Renita) as an additional defendant.

This case arises out of a three-car accident which occurred on August 28, 1987 at approximately 3:00 p.m. Johnny Will Josey, Jr. (Josey) was driving in a southbound

lane on Airport Service Road (Pennsylvania Route 60) in Moon Township, Allegheny County, when the vehicle ahead of him, driven by Murgenovich, moved from the left lane into the right lane. Josey's vehicle struck the Murgenovich vehicle and Josey lost control, swerved left and went airborne over the concrete divider which separated the directional lanes. Josey's vehicle landed in the northbound left lane where it was struck by a vehicle being driven by Robert Benson (Benson). Josey was transported by helicopter to a nearby hospital, where he was pronounced dead at 4:10 p.m. Benson was transported to a different hospital, where he was treated for serious injuries. Murgenovich did not require hospitalization.

Josey's widow, Renita, in her own right and as administratrix of Josey's estate, filed suit against Murgenovich and DOT in the Court of Common Pleas of Allegheny County. DOT and Murgenovich moved to join Renita, individually, as an additional defendant on a theory of negligent entrustment of the vehicle being driven by Josey. The motions to join Renita alleged, inter alia, that Renita, the owner of the car, knew or should have known that Josey's driver's license had been suspended and that his driving record made it foreseeable that he would operate a vehicle in a negligent manner.

Benson and his wife, Judy, residents of Lorain County, Ohio, filed a negligence action against Murgenovich and Josey's estate in the Court of Common Pleas of Allegheny County. Josey's estate joined DOT as an additional defendant. DOT moved to join Renita, individually, as an additional defendant on a theory of negligent entrustment, as it did in the Josey action.

The motions to join Renita were opposed and argued before the trial court. The record isn't clear as to when each argument was conducted. However, on October 13, 1989, DOT's motion to join Renita in the Josey action was denied by the trial court. On November 17, 1989, Murgenovich's motion to join Renita in the Josey action was denied. Finally, on December 8, 1989, DOT's motion to join Renita

in the Benson action was denied for the same reasons set forth in the opinion and order earlier filed on October 13, 1989.

The question raised by all three of these attempted joinders is whether Renita may be joined, individually, as an additional defendant on a theory of negligent entrustment.

The trial court's opinion, filed on October 13, 1989 in support of its order of the same date and which is also the basis for the orders denying joinder of November 17 and December 8, stated as follows:

We will not permit the joinder because the wife can be neither solely nor jointly liable. Even if she were negligent in entrusting her automobile to her husband, she cannot be jointly or solely liable unless her negligence was a proximate cause of the accident. At the most, the wife's negligence was a proximate cause of the accident only to the extent that her husband's negligent operation of the vehicle contributed to the accident. The wife's negligence in permitting the husband to operate the vehicle in no way contributed to the negligence of PennDot or the other driver. Thus, defendants should not be permitted to join the wife as an additional defendant unless the negligence for which she may be responsible—the husband's negligent operation of the vehicle—does not already operate to reduce or defeat plaintiff's claim.

Under the Pennsylvania comparative negligence law (42 Pa.C.S. § 7102), the negligence of the decedent operates to reduce or defeat the claims of the estate to the same extent as if the deceased were the plaintiff. Consequently, the wife cannot be solely liable to the estate because the estate is barred from recovery if the deceased's negligence was the primary cause of the accident. Also, the wife cannot be jointly liable with the other driver and PennDot because the estate's claim against PennDot and the other driver will be reduced in proportion to the amount of the deceased's causal negligence where this negligence is not the primary cause of the accident....

In the present case, it does not matter whether the wife should have known that her husband was an unfit driver. The controlling issue is whether or not the husband operated the wife's vehicle in a negligent manner during the incident that is the subject of this lawsuit. If he did not operate the vehicle in a negligent manner, any negligence on part of the wife in giving him the opportunity to operate the vehicle had nothing to do with the accident. If, on the other hand, he operated the vehicle in a negligent manner, this negligence will operate to defeat or reduce plaintiff's award regardless of whether or not the wife was also negligent in giving him the opportunity to operate the vehicle.

(Opinion, pp. 1–2 and 3–4.)

DOT and Murgenovich timely appealed the above orders to this Court, and the appeals have been consolidated.

Rule 2252 of the Pennsylvania Rules of Civil Procedure, as it was written in 1989 when the motions to join Renita were made, stated:

Rule 2252. RIGHT TO JOIN ADDITIONAL DEFENDANTS

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

DOT and Murgenovich seek to join Renita as an additional defendant in these actions for the purpose of obtaining contribution from her in the event all are found liable to the plaintiffs. The trial court based its denial on its determination that Renita's negligence may be the proximate cause of the accident only to the extent of Josey's negligent opera-

tion. The degree of negligence attributed to any defendant is a question for the factfinder.

In *Fisher v. Diehl,* 156 Pa.Superior Ct. 476, 40 A.2d 912 (1945), the Superior Court held that, in an action for personal injuries as the result of an automobile collision brought by the wife-passenger against the other driver, joinder of the husband-driver as an additional defendant was permissible. The Court held that even though the wife could not sue the husband, interspousal immunity did not prevent the original defendant from obtaining contribution if the husband's negligence contributed to the accident.[1]

Likewise, we will permit this joinder since any negligence found on Renita's part will affect the liabilities of the original defendants in these actions regardless of whether the plaintiffs may recover from her. Rule 2252 allows joinder of *any* person who *may* be liable. Accordingly, we reverse the trial court and direct that Renita Josey be joined as an additional defendant in the Josey and Benson actions.

## ORDER

AND NOW, this 24th day of October, 1990, the orders of the Court of Common Pleas of Allegheny County, dated October 13, 1989 and December 8, 1989, denying DOT's motions to join Renita Josey, individually, in the Josey and Benson actions are reversed; the order of November 17, 1989 denying Murgenovich's motion to join Renita Josey, individually, in the Josey action is reversed.

## ORDER

NOW, December 17, 1990, it is ORDERED that the above-captioned opinion filed October 24, 1990 shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.

---

1. In *Hack v. Hack,* 495 Pa. 300, 433 A.2d 859 (1981), the defense of interspousal immunity as a bar to suits was abolished. However, the law relative to joinder of additional defendants as set forth in *Fisher,* above, was not affected.