**LOOM CRAFT CARPET MILLS, INC. and Wayne Moureau, Appellants,**

v.

**William Farrel GORRELL and Jo Ann Gorrell, Appellees.**

No. 6-91-045-CV.

Court of Appeals of Texas, Texarkana.

Jan. 28, 1992.

Published in Part Pursuant to Tex.R.App.P. 90.

William A. Petersen, Jr., Patterson, Boyd, Lowery, Petersen, Houston, for appellants.

Timothy A. Beeton, Simpson, Beeton & Leavenworth, Texas City, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is a negligent entrustment case. Loom Craft Carpet Mills, Inc. and Wayne Moureau appeal from a judgment rendered in favor of William Farrel Gorrell and Jo Ann Gorrell.

On the night of May 30, 1987, William Farrel Gorrell was run over by a truck driven by Wayne Moureau's stepson, Kenneth Christopher Moureau (Chris). Gorrell, Chris, and one other man had been drinking alcoholic beverages all evening and were intoxicated. During the ride home there was a sharp dispute, and Chris ordered Gorrell to get out of the truck. While getting out, Gorrell tripped and fell. He did not manage to get clear of the truck before Chris drove away. The right rear tire rolled over Gorrell, crushing his femur (the bone between the knee and the pelvis).

The Gorrells sued Chris for negligence. Chris did not answer, and a default judgment was taken against him.[1] Gorrell then sued Wayne Moureau and Loom Craft Carpet Mills, Inc. for negligently entrusting the truck to Chris. The jury found in favor of the Gorrells, and judgment was entered accordingly.

[[ ]].[6]

■ Moureau and Loom Craft complain that the court erred in failing to submit an issue as to the comparative negligence attributable to Wayne Moureau and Loom Craft. The jury found Chris eighty-five percent at fault and Gorrell fifteen percent at fault. Moureau proffered a substitute special issue, rejected by the trial judge, which would have divided the 100% of fault among Moureau, Loom Craft, Chris, and Gorrell.

Moureau cites *Dabney v. Home Insurance Co.*, 643 S.W.2d 386 (Tex.1982), an automobile accident case. In *Dabney*, a comparative negligence issue was submitted as to all parties riding in the automobile. The passengers were found to be twenty percent at fault for failing to protest the excessive speed of the driver and, in one case, encouraging the driver to speed. *Dabney*, however, is authority only for comparing the fault of those directly involved in the accident.

■ Negligent entrustment liability is derivative in nature. *See Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex.Civ. App.–El Paso 1966, writ ref'd n.r.e.). While entrusting is a separate act of negligence, and in that sense not imputed, it is still derivative in that one may be extremely negligent in entrusting and yet have no liability until the driver causes an injury. If the owner is negligent, his liability for the acts of the driver is established, and the degree of negligence of the owner would be of no consequence. When the driver's wrong is established, then by negligent entrustment, liability for such wrong is passed on to the owner. *Id.* We believe the better rule is to apportion fault only among those directly involved in the accident, and to hold the entrustor liable for the percentage of fault apportioned to the driver.[7] We overrule this point of error.

[[ ]].

1. Chris was in prison at the time of trial, having been convicted of a murder unrelated to this case.

6. Any portion of this opinion between double brackets is not to be published.

7. We are aware of, and decline to follow, cases from other jurisdictions in which fault was apportioned to the entrustor. *See McCart v. Muir,* 230 Kan. 618, 641 P.2d 384 (1982); *Jones v. Fleischhacker,* 325 N.W.2d 633 (Minn.1982). We also note that the present case is not one in which the plaintiff is the driver or the entrustor. *See Gorday v. Faris,* 523 So.2d 1215 (Fla.Dist. App.1988); *King v. Petefish,* 185 Ill.App.3d 630, 133 Ill.Dec. 636, 541 N.E.2d 847 (1989); *Josey v. Commonwealth, Dept. of Transp.,* 136 Pa. Cmwlth. 73, 583 A.2d 1261 (1990).

The judgment of the trial court is affirmed.