Danny WILLIAMS, Plaintiff,

v.

Lister McCOLLISTER,
et al., Defendants.

Civil Action No. L–08–131.

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 22, 2009.

Dana Theresa Williams, The Williams Law Firm PC, Houston, TX, for Plaintiff.

Patricia O'Connell Alvarez, The Alvarez Law Firm, PC, Laredo, TX, for Defendants.

### *ORDER ADOPTING REPORT AND RECOMMENDATION*

MICAELA ALVAREZ, District Judge.

Pending before the Court is Defendant P.A.M. Transport's ("Defendant") Motion for Partial Summary Judgment on Plaintiff Danny Williams' ("Plaintiff") claims of negligent hiring, supervising, training, and retention. [Dkt. No. 20]. On August 10, 2009, the Magistrate Court issued a Report and Recommendation, recommending that Defendant's Motion for Partial Summary Judgment be granted. The time for filing objections has passed, and no objections have been filed.[1]

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviewed the Report and Recommendation for clear error.[2]

---

1. Federal Rule of Civil Procedure 72(b) provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b). The Magistrate Court issued the Report and Recommendation on August 10, 2009, and or-

dered any objections due by August 28, 2009. Defendant did file an "objection" stating that "[d]efendants ... have no objection to the Magistrate's finding." [Dkt. No. 50].

2. As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [dis-

Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Partial Summary Judgment, [Dkt. No. 20], be granted, and that the same is hereby **GRANTED**. Judgment is therefore granted in favor of Defendant P.A.M. and against Plaintiff Danny Williams as to Plaintiff's claims of negligent hiring, supervising, training, and retention.

IT IS SO ORDERED.

### *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

J. SCOTT HACKER, United States Magistrate Judge.

#### I. Background

Pending before the Court is Defendant P.A.M. Transport, Inc. ("P.A.M.")'s motion for partial summary judgment on Plaintiff's claims of negligent hiring, supervision, training, and retention.[1] (Dkt. No. 20).

The underlying cause of action arises from a January 5, 2007 accident involving Plaintiff and Defendant David McCollister ("Mr. McCollister"), a driver for P.A.M.[2] (*See* Dkt. No. 39 at ¶¶ 8, 31). According to Plaintiff, he was walking to his vehicle across a truck stop parking lot when Mr. McCollister began backing up his truck, running over Plaintiff's leg. (Dkt. No. 23 at ¶ 1). P.A.M. is the owner of the truck operated by Mr. McCollister at the time of the accident. (*See* Dkt. No. 39 at ¶ 25). Plaintiff claims that the accident severely injured his lower back and his left leg. (*Id.* at ¶ 23). Plaintiff also contends that Defendants' negligence was the direct and proximate cause of his injuries. (*Id.* at ¶ 24). Specifically, Plaintiff alleges claims of negligence against Mr. McCollister for failure to keep a lookout, failure to avoid the accident, failure to comply with the requirements for operating a commercial vehicle, failure to maintain proper control of the vehicle, failure to operate the vehicle in a safe and hazard-free manner, and failure to use ordinary care. (*See id.* at ¶ 31). Plaintiff further asserts claims against P.A.M. for negligent hiring, supervision, training, and retention of Mr. McCollister.[3] (*Id.* at ¶ 32). While P.A.M. admits that it is vicariously liable for the negligence, if any, of Mr. McCollister, P.A.M. moves for partial summary judgment on the direct claims against it for negligent hiring, supervision, training, and retention of Mr. McCollister. (Dkt. No. 20). Plaintiff contests P.A.M.'s motion for partial summary judgment and further asks that it be allowed to re-depose Mr. McCollister at P.A.M.'s expense prior to the Court's ruling on the instant motion. (Dkt. No. 23 at ¶ 14).

#### II. Legal Standard

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

---

trict] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1420 (5th Cir.1996) (*quoting* FED. R.CIV P. 72(b) advisory committee's note (1983)).

1. Plaintiff responded on June 12, 2009. (Dkt. No. 23). On June 15, 2009, P.A.M. filed a reply. (Dkt. No. 25).

2. Mr. McCollister was incorrectly named "Lister McCollister" in Plaintiff's original petition.

3. Plaintiff's counsel has specifically stated that Plaintiff has not pled any claims of gross negligence against P.A.M. (*See* Dkt. No. 20 at Ex. 2, pg. 185, line 2 to pg. 186, line 1).

any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must construe all of the evidence "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir.1996).

The party moving for summary judgment bears the initial responsibility of demonstrating that there are no factual issues warranting trial. *See Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir.1993) (quoting *Russ v. Int'l Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991)). However, once the moving party satisfies this burden, the non-moving party then has a duty to respond with specific evidence showing that there is a genuine issue for trial. *Lockett v. Wal–Mart Stores, Inc.,* 337 F.Supp.2d 887, 891 (E.D.Tex.2004) (citing Fed. R.Civ.P. 56(e)). In responding to a properly supported motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). If a party does not so respond, summary judgment should be entered. *See id.*

### III. Analysis

**a. P.A.M.'s Motion for Summary Judgment on Plaintiff's Claims for Negligent Hiring, Supervision, Training, and Retention of Mr. McCollister Should Be Granted.**

P.A.M. argues that, under Texas law, the claims against Mr. McCollister for which P.A.M. may be vicariously liable are mutually exclusive from the direct claims against it for the negligent hiring, supervision, training, and retention of Mr. McCollister. (Dkt. No. 20 at 110). P.A.M. reasons that, in cases in which a plaintiff pleads ordinary negligence and a defendant employer stipulates that it would be vicariously liable for that negligence, the Court should grant summary judgment as a matter of law on any direct liability claims against that employer. (*See id.* at ¶¶ 7, 10). Rather than respond to P.A.M.'s argument regarding mutual exclusivity, Plaintiff simply asserts that Texas law allows for an employer to be held directly liable for negligent hiring, supervision, training, and retention. (*See* Dkt. No. 23 at ¶ 9). Plaintiff further argues that there is a sufficient factual basis in support of Plaintiff's contention that P.A.M.'s independent negligence was a proximate cause of the accident at issue. (*See id.* at ¶¶ 3, 9, and 10). Plaintiff also implies that Chapter 33 of the Texas Civil Practice and Remedies Code has abrogated Texas common law on the issue. (*See id.* at 13).

It is evident from Plaintiff's response that Plaintiff has misunderstood P.A.M.'s argument for partial summary judgment. P.A.M. does not dispute that Texas law allows for direct liability claims for negligent hiring, supervision, training, and retention. (*See* Dkt. No. 20 at ¶¶ 8–9). Nor does P.A.M.'s motion discuss whether there is a sufficient factual basis to support the direct claims against it in a summary judgment inquiry. (*See* Dkt. No. 25 at ¶ 4). Rather, P.A.M. asserts that summary judgment is appropriate in this case because the vicarious liability claims under *respondeat superior* and the above-mentioned direct liability claims are mutually exclusive modes of recovery. (*See id.*). Accordingly, the only relevant counter-ar-

gument in Plaintiff's response is whether Chapter 33 of the Texas Civil Practice and Remedies Code has abrogated Texas common law on the issue.

### i. Texas law supports P.A.M.'s position.

■ Under the doctrine of *respondeat superior*, an employer will be held vicariously liable for the negligence of its employee regardless of any allegation of fault on the part of the employer.[4] *Bedford v. Moore*, 166 S.W.3d 454, 461 (Tex.App.-Fort Worth 2005, no pet.). In contrast, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others. *See generally Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex.App.-Fort Worth 2002, no pet.); *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.). Thus, causes of action for negligent hiring, supervision, training, and retention are another means to make an employer liable for the negligence of an employee. *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 657 (Tex.App.-Dallas 2002, pet. denied).

In the instant case, P.A.M. has stipulated that Mr. McCollister was acting within the course and scope of his employment at the time of the accident at issue. (Dkt. No. 20 at Ex. 1). As such, P.A.M.'s liability for any negligence on the part of Mr. McCollister that was a proximate cause of the accident in question has been established under the doctrine of *respondeat superior*. *See Rosell*, 89 S.W.3d at 654. Therefore, the question at hand is whether P.A.M.'s admission of vicarious liability precludes it from liability for its own negligence in hiring, failing to properly train, and negligently supervising.

■ With regard to this issue, Texas courts have underscored that, in matters involving only ordinary negligence, a direct liability claim (such as negligent hiring or entrustment) and a claim resulting in vicarious liability under *respondeat superior* could be mutually exclusive modes of recovery. *See id.*; *Estate of Arrington*, 578 S.W.2d at 178. This occurs only when a plaintiff pleads ordinary negligence (versus gross negligence) against an employer and employee, and the employer's liability for its employee's negligent acts has been established through a stipulation of vicarious liability. *See e.g., Simmons v. Bisland*, 2009 WL 961522, at *4 (Tex.App.-Austin 2009, pet. filed) (noting that, "[a]s a general rule, evidence supporting alternative liability theories such as negligent hiring or negligent entrustment is inadmissible when the defendant has stipulated to vicarious liability."); *Rosell*, 89 S.W.3d at 654; *Estate of Arrington*, 578 S.W.2d at 178–79. In other words, if vicarious liability is not contested, the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant, as long as a plaintiff pleads ordinary negligence. *See Estate of Arrington*, 578 S.W.2d at 178.

■ In contrast, where a plaintiff alleges ordinary negligence against the employee and gross negligence against the employer, the direct claims against the employer (*i.e.*, negligent hiring, negligent supervision, etc.) are treated as indepen-

---

4. The Court notes that P.A.M. separately addressed Plaintiff's claim of "failure to exercise reasonable care" in its motion for partial summary judgment. (Dkt. No. 20 at ¶¶ 12–15). However, as evidenced by Plaintiff's amended complaint, Plaintiff's allegation that P.A.M. failed to exercise ordinary care is connected with his claims against P.A.M. for negligent hiring, supervision, training, and retention of Mr. McCollister. (*See* Dkt. No. 39 at ¶ 33).

dent and separate grounds of recovery against the employer for purposes of punitive damages. *See Rosell,* 89 S.W.3d at 654; *Estate of Arrington,* 578 S.W.2d at 178–79. What distinguishes gross negligence from ordinary negligence, and justifies the imposition of exemplary (punitive) damages, is the mental attitude of the defendant.[5] *McDorman ex rel. Connelly v. Texas–Cola Leasing Co.,* 288 F.Supp.2d 796, 810 (N.D.Tex.2003). Thus, in addition to derivative liability for an employee's acts, "[a]n employer may be liable for gross negligence in hiring an employee if the employee was unfit and the employer was reckless in hiring him." *Id.* (citation omitted) (noting that where only ordinary negligence is alleged, negligent hiring and *respondeat superior* are mutually exclusive modes of recovery, while, on the other hand, a claim of grossly negligent hiring will preclude the owner from stipulating to vicarious liability for its employee's negligent acts so as to escape independent liability). And finally, it is well settled that an employer may be subject to derivative liability for punitive damages resulting from the acts of its employee if the employer authorized the manner of the act, the employee was employed in a managerial capacity and acting within the scope of his employment, or the employer ratified or approved the act. *See Estate of Arrington,* 578 S.W.2d at 179.

In his complaint, Plaintiff does not allege a gross negligence claim against either P.A.M. or Mr. McCollister—nor does Plaintiff's complaint request punitive damages. (*See* Dkt. No. 39). Moreover, Plaintiff's attorney specifically stated during the deposition of its expert witness that Plaintiff has not pled a claim for gross negligence. (Dkt. No. 20, Ex. 2, pg. 185, lines 22–25 through pg. 186, line 1). In fact, on July 2, 2009, the Court held a hearing at which Plaintiff's attorney admitted, on the record, that Plaintiff is not seeking a claim for gross negligence. Further, Plaintiff does not allege that P.A.M. authorized, ratified, or approved the act or manner of the act or that Mr. McCollister was employed in a managerial capacity and acting within the scope of his employment when he ran over Plaintiff. Since Plaintiff has pled only ordinary negligence in his complaint, and P.A.M. has stipulated that Mr. McCollister was acting within the course and scope of his employment at the time of the accident, P.A.M. will be held responsible for any negligence assessed against its employee. As such, Texas law supports the Court granting P.A.M.'s partial summary judgment motion, dismissing the claims pertaining to negligent hiring, supervision, training, and retention of Mr. McCollister.

ii. **Chapter 33 of the Texas Civil Practices and Remedies Code has not abrogated the legal principles set out in *Estate of Arrington.***

In its response, Plaintiff contends that P.A.M. is ignoring current Texas law and has erroneously based its argument on *Estate of Arrington,* an opinion rendered before the adoption of Chapter 33 of the Texas Civil Practices and Remedies Code ("Chapter 33"). (Dkt. No. 23 at ¶ 3). Under the apportionment of responsibility scheme set forth in Chapter 33, the trier of

---

**5.** Under Texas law, gross negligence is defined by statute to mean an act or omission:
   (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.
Tex. Civ. Prac. & Rem.Code Ann. § 41.001 (Vernon 2008).

fact must determine the negligence of each defendant. *See Bedford,* 166 S.W.3d at 460. Specifically, Chapter 33 provides:

The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:

(1) each claimant;

(2) each defendant;

(3) each settling person; and

(4) each responsible third party who has been designated under Section 33.004.

Tex. Civ. Prac. & Rem.Code Ann. § 33.003 (Vernon 2008).[6]

■ For the purposes of Chapter 33, "defendant" is defined to include "any person from whom ... a claimant seeks recovery of damages." Tex. Civ. Prac. & Rem.Code Ann. § 33.011 (Vernon 2008). "Although the language of the statute itself indicates a clear legislative preference for apportionment of responsibility in all tort actions, it is equally clear that an apportionment scheme is not proper in certain cases." *Fid. & Guar. Ins. Underwriters Inc. v. Wells Fargo Bank,* 2006 WL 870683, at *5 (S.D.Tex. March 31, 2006) (citing *Rosell,* 89 S.W.3d at 656–57). Specifically, the Texas courts have held

that where an employer's responsibility is based solely on vicarious liability, it would be improper to include the employer's negligence in the apportionment question. *See generally, Bedford,* 166 S.W.3d at 460–61; *Rosell,* 89 S.W.3d at 657; William D. Underwood & Michael D. Morrison, *Apportioning Responsibility in Cases Involving Claims of Vicarious, Derivative, or Statutory Liability for Harm Directly Caused by the Conduct of Another,* 55 Baylor L. Rev. 617, 634–36 (2003) (noting that "those courts to consider the issue have consistently held that juries should not be asked to apportion responsibility between a directly liable party and a party whose liability is purely vicarious."). This is so because under vicarious liability, such as a theory of *respondeat superior,* the employer's liability is based solely on the negligence of its employee, and it may be held responsible even if it is entirely free of fault. *Bedford,* 166 S.W.3d at 460.

■ However, a closer question is presented as to whether liability should be apportioned under Chapter 33 between the party who is directly liable and a person whose liability is derivative, rather than purely vicarious. *See e.g., Fid. & Guar. Ins. Underwriters Inc.,* 2006 WL 870683, at *5 (noting that "courts and commentators alike have recognized the difficulty in reconciling the language of [Chapter 33] with certain causes of actions"); *Bedford,* 166 S.W.3d at 461. While derivative claims such as negligent hiring and negligent entrustment involve distinct acts of negligence on the part of the employer, the employer's liability for these acts is entire-

---

**6.** This statute was originally enacted in 1987, after the Texas Court of Civil Appeals' decision was rendered in *Estate of Arrington,* 578 S.W.2d at 178. In 1995, the Texas legislature amended Chapter 33 to permit defendants to join "responsible third parties" whose liability shall be considered by the jury in apportioning responsibility. William D. Underwood &

Michael D. Morrison, *Apportioning Responsibility in Cases Involving Claims of Vicarious, Derivative, or Statutory Liability for Harm Directly Caused by the Conduct of Another,* 55 Baylor L. Rev. 617, 622 (2003). Prior to the 1995 amendments, liability was to be apportioned only between the claimant, each defendant, and each settling person. *Id.* at 626.

ly dependent for causation upon the negligent actions of the employee who directly caused the accident.[7] *Id.*. Because of this dependency, negligent entrustment and negligent hiring claims are similar to claims based on vicarious liability, which are excluded from Chapter 33's apportionment scheme. *See id.*; *see also F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex.2007) (noting that negligent entrustment is a form of vicarious liability).

Thus, in general, Texas courts addressing the interaction between Chapter 33 and theories of derivative liability, such as negligent hiring and negligent entrustment, have held that the hiring or entrusting employer's negligence should not be submitted for apportionment. *See generally Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F.Supp.2d 772, 775–76 (N.D.Tex.2008) (discussing the Texas courts' treatment of derivative liability in the context of Chapter 33 and applying it to a case involving products liability); *Conkle v. Chery*, 2009 WL 483226, at *4 (Tex. App.-Austin, February 25, 2009, no pet.) (noting that Texas courts have generally held that Chapter 33 does not require a

party who is vicariously liable for a tortfeasor's actions to be included in the jury's apportionment decision); *Rosell,* 89 S.W.3d at 657 (holding that because the degree of negligence of the employer is of no consequence under a theory of derivative liability such as negligent hiring, the lower court did not err in apportioning fault among only those directly involved in the accident); *but see Bedford,* 166 S.W.3d at 461–63 (holding that negligent entrustment requires the owner to be included in the apportionment question). In reaching this conclusion, the courts reason that once negligent hiring or entrustment is established, liability for the employee's negligent operation of the vehicle is passed on to the employer, and the employer's acts are of no consequence in determining its degree of responsibility. *See, e.g., Rosell,* 89 S.W.3d at 657.[8]

Here, P.A.M.'s liability for any negligence on the part of Mr. McCollister in connection with the accident at issue has already been established through its stipulation of vicarious liability. Put simply, by assuming liability for Mr. McCollister's alleged negligence, P.A.M. has assumed all

---

**7.** Much of the case law addressing the applicability of Chapter 33 to derivative liability involves claims of negligent entrustment. While negligent entrustment and negligent hiring are independent causes of action, they are analogous in this situation in that they both are based on derivative liability and require proof that "(1) the servant/entrustee is incompetent or unfit and (2) the master/entrustor knew or in the exercise of ordinary care should have known of such incompetence or unfitness." *Estate of Arrington,* 578 S.W.2d at 178.

**8.** It should be noted, however, that in addressing the issue of whether an owner defendant in a claim under the Texas Dram Shop Act should be included in the apportionment of responsibility, the Texas Supreme Court held that apportionment was appropriate because the Dram Shop Act does not impose vicarious liability, but instead holds an owner

liable for its own negligence in selling or serving alcohol to an obviously intoxicated person. *F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 681, 686 (Tex.2007) (withdrawing its previous opinions in this case and noting that in contrast to a claim of negligent entrustment, a dram shop owner's negligence under the Texas Dram Shop Act is based solely on his own direct negligent act and is not a form of vicarious liability). However, the situation involved in that case is distinguishable from a cause of action involving derivative liability, such as negligent hiring or negligent entrustment, because while the dram shop's negligence is dependent upon its patron's negligence in causing harm to a third party, there is no agency relationship between the dram shop and the patron, and the dram shop has no right of control over the patron. *See id.* at 686.

responsibility for the accident, and any negligence on its own part that may have contributed to the accident is irrelevant. If Mr. McCollister's negligent conduct is found to be the proximate cause of Plaintiff's injuries, questions regarding Mr. McCollister's competence as an employee and whether he received proper supervision and training become irrelevant for purposes of assessing liability. The logical approach under Chapter 33 would appear to be to apportion fault among only those directly liable for the accident at issue, and to hold the employer liable for the amount of fault apportioned to its employee. *See Conkle,* 2009 WL 483226, at *4 (quoting *Loom Craft Carpet Mills, Inc. v. Gorrell,* 823 S.W.2d 431, 432 (Tex.App.-Texarkana 1992 no writ)). As such, Chapter 33 does not affect the legal principles set out in *Estate of Arrington* and *Rosell.* For the reasons stated above, P.A.M.'s motion for summary judgment on Plaintiff's claims for negligent hiring, supervision, training, and retention of Mr. McCollister should be GRANTED.

**b. Plaintiffs Request to Depose Mr. McCollister, at P.A.M.'s Expense, Regarding His Personnel and Training Files at P.A.M. Should Be Denied.**

██ In his response to P.A.M.'s motion for partial summary judgment, Plaintiff argues that if the Court finds that P.A.M. is entitled to partial summary judgment, Plaintiff should first be given the opportunity to re-depose Mr. McCollister, at P.A.M.'s expense, regarding his personnel and training files, which P.A.M. produced after that deposition. (Dkt. No. 23 at ¶ 14). Plaintiff contends that P.A.M. withheld these documents from discovery after Plaintiff had specifically requested their production. (*Id.*; Dkt. No. 25 at Ex. 1, pg. 39, lines 16–24).

It is unclear why Mr. McCollister's training and personnel files maintained by P.A.M. were not produced with the initial disclosures. However, even if P.A.M. did intentionally withhold these documents, Plaintiff's contention that it was denied the opportunity to adequately question Mr. McCollister regarding these files is irrelevant. The issue before the Court is whether P.A.M. should be granted partial summary judgment as a matter of law— not whether there is a factual issue regarding these direct claims warranting a trial. As such, Plaintiff's request should be DENIED.

**IV. Recommendation**

For the foregoing reasons, the Court recommends that P.A.M.'s motion for partial summary judgment on Plaintiff's claims of negligent hiring, supervision, training, and retention of Mr. McCollister (Dkt. No. 20) be GRANTED. Further, the Court recommends that Plaintiff's request to re-depose Mr. McCollister in Texas, at P.A.M.'s expense, prior to the Court's order granting P.A.M.'s motion for partial summary judgment (Dkt. No. 23), be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings, conclusions, and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Thomas v. Arn,* 474 U.S. 140, 144–

45, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*).

SIGNED this 10th day of August, 2009, at Laredo, Texas.